UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rivky Moskowitz,<br><br>                    Plaintiff,<br><br>-v.-<br><br>American Coradius International LLC and John Does 1-25,<br><br>                    Defendant(s). | Civil Action No: 7:20-cv-09893<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rivky Moskowitz, a New York resident, brings this class action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant American Coradius International LLC ("Coradius"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, residing at 14 Hoyt Street, #794, Spring Valley, NY 10977.

8. Defendant Coradius is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692 (a)(6) and used in the FDCPA with address at 2420 Sweet Home Road, Suite 150, Amherst, NY 14228.

9. Upon information and belief, Coradius is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant Coradius sent an initial letter;

    c. attempting to collect a consumer debt;

    d. stating that the original creditor of the debt was Synchrony Bank;

    e. and that the current creditor is Synchrony Bank Gap Visa Card;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is

whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

　　a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

　　b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

　　c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

　　d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

  class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. On a date better known to Defendants, Plaintiff allegedly incurred an obligation to non-party Synchrony Bank ("Synchrony").

21. The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

22. This alleged debt arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically non-payment for personal credit card purchases.

23. Upon information and belief, Synchrony contracted with Coradius to collect the alleged debt.

24. Coradius collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violation – July 30, 2020 Letter*

25. On or about July 30, 2020 Coradius sent Plaintiff an initial debt collection letter, a copy of which is annexed as Exhibit A.

26. The letter states that the current creditor is Synchrony Bank Gap Visa® Card and that the original creditor was Synchrony Bank, like this:

| Current Creditor | Original Creditor | Account # | Account Balance |
|---|---|---|---|
| Synchrony Bank Gap Visa® Card | Synchrony Bank | XXXXXXXXXXXX8144 | $8,210.16 |

27. Upon information and belief, the actual creditor did not change – the debt was not transferred from Synchrony Bank to Synchrony Bank Gap Visa® Card.

28. It was therefore deceptive and unfair for Coradius to state two different companies for the original and current creditors.

29. Pursuant to 15 U.S.C. § 1692g Coradius was required to provide the name of the current creditor.

30. Coradius failed to accurately do so.

31. Plaintiff was therefore confused as to which debt this letter refers.

32. Plaintiff was further confused as to which current creditor she should make payment, if she chose to do so.

33. Plaintiff was also pressured to pay this debt if, as stated in the letter, it has already been transferred to another company.

34. Plaintiff suffered emotional harm from this confusion.

35. Plaintiff was also forced to expend time dealing with Coradius' deceptive collection practices.

36. Plaintiff was likewise forced to hire counsel to protect her rights.

37. Plaintiff was unfairly denied her right to properly address the debt due to Defendant's deceptive debt collection efforts.

38. As a result of all of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

39. Plaintiff repeats the above allegations as if set forth here.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendants violated 15 U.S.C. § 1692e (10) by improperly stating two different names for the current and original creditors and violated 15 U.S.C. §1692e (2) by falsely representing the character of the debt.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f *et seq.*

44. Plaintiff repeats the above allegations as if set forth here.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47. Defendant violated this section by stating two different names for the current and original creditors.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g *et seq.*

49. Plaintiff repeats the above allegations as if set forth here.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall… send the

consumer a written notice containing … (2) the name of the creditor to whom the debt is owed…

52. Defendant violated 15 U.S.C. § 1692g by failing to the properly name the creditor to whom the debt is allegedly owed.

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Rivky Moskowitz demands judgment from Defendant American Coradius International LLC as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
November 24, 2020

**Stein Saks, PLLC**
s/ Eliyahu Babad
by:  Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500 x121
Fax: 201-282-6501
EBabad@SteinSaksLegal.com
*Attorneys for Plaintiff*